United States District Court

Eastern District of California

Larnell Lee Flemmings,

    Petitioner,                        No. Civ. S 04-1384 FCD PAN P

  vs.                                Findings and Recommendations

George Stratton, Warden,

    Respondent.

-oOo-

    Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent moves to dismiss. Petitioner opposes.

    Petitioner was convicted of first degree murder, attempted murder and attempted robbery July 29, 1999. On appeal petitioner claimed violation of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Petitioner claimed his first statement should not have been admitted because it was the product of custodial interrogation. Petitioner claimed the second statement

was taken despite an unequivocal request for counsel and was the fruit of the first, unwarned statement.  The state court of appeal reversed the conviction for attempted robbery but otherwise affirmed.

Petitioner sought review in the California Supreme Court claiming his first statement was involuntary because the police exploited petitioner's mental illness to elicit incriminating statements and his second statement was taken in violation of <u>Miranda</u> because his mental illness prevented him from understanding the warnings.  The court summarily denied the petition.  Petitioner did not seek post-conviction relief in state court.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement when he gives state courts the opportunity "to pass upon and correct alleged violations of its prisoners' federal rights" in the manner required by those courts. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  A petitioner must fairly present both the operative facts and the legal theory to "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  <u>Baldwin v. Reese</u>, 541 U.S. 27, __, 124

S.Ct. 1347, 1349 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004). General appeals to constitutional principles, such as due process, equal protection and the right to a fair trial, are insufficient to exhaust a claim. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996). A petitioner must identify the "specific federal constitutional guarantee," Gray, 518 U.S. at 162-63, even if the facts make a constitutional theory "self-evident." See Anderson v. Harless, 459 U.S. 4, 7 (1982). A claim is unexhausted if any state remedy is available. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Roberts v. Arave, 874 F.2d 528, 529 (9th Cir. 1988). An unexhausted petition must be dismissed. Picard, 404 U.S. at 271.

In his federal application petitioner claims the state trial court violated his rights by admitting his statements to police without considering their voluntariness or his understanding of the Miranda warnings in light of his mental illness. While petitioner presented these claims to the California Supreme Court in his petition for review, he did not present them to the appellate court.

Petitioner did not fairly present his claim to the state courts and the petition is unexhausted. See Casey, 386 F.3d at 918.

For these reasons, respondent's December 29, 2004, motion to dismiss should be granted and this action should be dismissed for petitioner's failure to exhaust available state remedies.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Written objections may be filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  April 26, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge